

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# USA v. DeMurillo

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. DeMurillo" (2005). *2005 Decisions*. Paper 74.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/74

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-2672

———

UNITED STATES OF AMERICA

v.

MARISELA VALLEJO DEMURILLO,
                                                Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00820-1)
District Judge: Honorable John C. Lifland

———

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, Circuit Judges.

(Filed: December 21, 2005)

———

OPINION

———

1

SLOVITER, <u>Circuit Judge</u>

On October 31, 2002, Marisela Vallejo DeMurillo, pursuant to a plea agreement, entered a plea of guilty to a two count information charging her with conspiring to distribute and possess with the intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846, and with illegally reentering the United States after having been deported for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The plea agreement provided that the Government would move for a downward departure, pursuant to § 5K1.1 of the Sentencing Guidelines, if the Government determined that DeMurillo provided substantial assistance to the Government and otherwise fulfilled her obligations pursuant to the agreement. Specifically, the agreement stated:

> The defendant shall cooperate fully with this Office.[1] As part of that obligation, the defendant shall truthfully disclose all information concerning all matters about which this Office and other Government agencies designated by this Office may inquire and shall not commit or attempt to commit any additional crimes . . . .
>
> The determination whether the defendant has fully complied with this agreement and provided substantial assistance to the Government rests solely in the discretion of this Office.

App. at 74.

---

[1] The plea agreement specifies that "Office" refers to the United States Attorney for the District of New Jersey.

At sentencing, the Government refused to move for a downward departure.[2] The Government contended that DeMurillo admitted to her cell mate, M.L., that she "had deliberately lied to federal authorities when questioned about the offense conduct forming the basis for the instant charges, and had intentionally withheld information concerning the drug conspiracy of which she was charged." App. at 112. The Government also alleged that DeMurillo had threatened, intimidated, and harassed M.L., who was serving as a cooperating witness for the Government in an unrelated case. The Government claimed that those threats constituted witness tampering in violation of 18 U.S.C. § 1512(a)(2). DeMurillo objected to the Government's decision not to file a § 5K1.1 motion.

The District Judge, finding that the Government had acted in good faith in refusing to move for a downward departure, overruled DeMurillo's motion and sentenced her to 100 months' imprisonment on each count of the information, with the sentences to be served concurrently. DeMurillo appeals from the sentence and requests an evidentiary hearing regarding whether she was entitled to a § 5K1.1 motion.

This court has adopted the approach taken by the Second Circuit in <u>United States v. Imtiaz</u>, 81 F.3d 262, 264 (2d Cir. 1996), where the court stated:

> [T]o trigger judicial review of the prosecutor's decision, the defendant "must first allege that he . . . believes the government is

---

[2]The Government also notified DeMurillo's attorney several months before sentencing that it was likely that it would not file a § 5K1.1 motion.

3

> acting in bad faith." United States v. Khan, 920 F.2d 1100, 1106 (2d Cir.1990), cert. denied, 499 U.S. 969 (1991). The government "may rebut this allegation by explaining its reasons for refusing to depart." Knights, 968 F.2d at 1487. If the government explains its reasons, the defendant must "make a showing of bad faith to trigger some form of hearing on that issue." Id. (internal quotation marks omitted). Unless the government's reasons are wholly insufficient, id. at 1487-89, or unless the defendant's version of events, supported by at least some evidence, contradicts the government's explanation, see United States v. Leonard, 50 F.3d 1152, 1157-58 (2d Cir.1995), no hearing is required.

United States v. Isaac, 141 F.3d 477, 484 (3d Cir. 2005).

Here, the Government concluded that DeMurillo had not truthfully disclosed all information concerning her crimes, as required by the plea agreement. DeMurillo has not offered any evidence to contradict the Government's belief that DeMurrillo had not revealed the full extent of her criminal activity.[3] Because this is dispositive of the merits of DeMurillo's appeal, we need not discuss her other arguments.

For the reasons set forth, we will affirm the judgment and order of the District Court.

---

[3]The District Court also held that DeMurillo had breached her plea agreement by committing the crime of witness tampering, thus relieving the Government of any obligations it has pursuant to the agreement. The agreement provided that "should the defendant . . . . commit or attempt to commit any additional . . . crimes, . . . this Office will be released from its obligations under this agreement." App. at 75. We need not address whether a criminal defendant accused of breaching his or her plea agreement by committing a crime is entitled to an evidentiary hearing on whether that crime was committed because the Government's good faith conclusion that the information provided by DeMurillo was incomplete supports its refusal to move for a § 5K1.1 departure.

4